IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BOSTIK, INC.,

    Plaintiff,                                                      Case No. 07-C-00091

    v.

CNA FINANCIAL CORPORATION, AMERICAN
CASUALTY COMPANY OFREADING,
PENNSYLVANIA, CONTINENTAL CASUALTY
COMPANY, TRANSPORTATION INSURANCE
COMPANY, FIREMAN'S FUND INSURANCE
COMPANY, AMERICAN INSURANCE COMPANY,
THE HARTFORD FINANCIAL SERVICES GROUP,
INC., FIRST STATE INSURANCE COMPANY,
THE KEMPER INS. COMPANIES, AMERICAN
MANUFACTURERS MUTUAL INSURANCE
COMPANY, AMERICAN MOTORISTS INSURANCE
COMPANY, AMERICAN PROTECTION INSURANCE
COMPANY, and LUMBERMENS MUTUAL
CASUALTY COMPANY,

    Defendants.

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This matter having come to be heard by agreement of the parties,[1] and it appearing to the Court (a) that the parties to this agreement, Bostik, Inc. ("Bostik"); American Casualty Company of Reading, Pennsylvania; Continental Casualty Company; Transportation Insurance Company; Fireman's Fund Insurance Company; American Insurance Company; The Kemper Ins. Companies; American Manufacturers Mutual Insurance Company; American Motorists Insurance Company; American Protection Insurance Company; and Lumbermens Mutual Casualty Company (each a "Party" and collectively the "Parties"), have consented and agreed that a protective Order pursuant to Rules 26(c) and 29, Fed.R.Civ.P., is necessary for the just and

---

[1] Defendant CNA Financial Corporation ("CNAFC") enters into this agreement solely to facilitate discovery and does so without prejudice to or waiver of its positions in this lawsuit, including without imitation its position that it has been fraudulently joined. The fact that a defendant chooses to become a party to this agreement shall not be used as evidence in this lawsuit against any defendant.

proper treatment of "Confidential Information" (as defined below) that may be subject to discovery during this action (the "Action"); and (b) that the Parties are entitled to have the Court enter a protective Order to prevent the unauthorized dissemination of Confidential Information,

NOW, THEREFORE, IT IS ORDERED by the Court and stipulated by and between counsel for the Parties, as follows:

1. "Confidential Information" shall mean any trade secret information, research, or proprietary business information as defined in Wis. Stats. Sec. 134.90, and other information subject to a recognized legal protection from involuntary dissemination, and information that a Party reasonably believes will disclose confidential nonpublic technical, commercial, financial, personal, or business information, including but not limited to information pertaining to the claims underlying this insurance coverage action ("Underlying Claims"). For the purpose of this Order, "information" is defined broadly to include information in any form, whether provided voluntarily, in response to a request for information, in response to a discovery request, in documents, or in testimony. "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape or otherwise. This Order applies equally to original information and documents as well as derivatives thereof, including, but not limited to, copies, extracts, excerpts, digests, compilations and summaries.

2. For purposes of this Order, Confidential Information shall be defined as any document or information furnished by any Party (the "Producing Party"), or third parties, to any other Party (the "Non-Producing Party") in this action, which any Party designates as "Confidential" or "Confidential - Subject to Protective Order" in accordance with the provisions of this Order. This includes, but is not limited to, material produced in connection with initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, or the equivalent Wisconsin Rules of Civil Procedure in the event that the matter is remanded, material provided voluntarily by a Party during the course of this Action, responses to demands for production of documents or other

things, responses to interrogatories, responses to requests for admission, responses to subpoenas, testimony and exhibits, status reports, summaries or documents otherwise arising in or pertaining to the Underlying Claims, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing. Documents or other information in the possession, custody, or control of the Non-Producing Party through means other than those stated in this protective Order shall not constitute Confidential Information, and the terms of this Order shall not apply thereto. Notwithstanding anything herein to the contrary, documents voluntarily provided by a Party to one or more other Parties and designated as confidential in the manner prescribed above shall be subject to this protective Order. For example, Bostik may voluntarily produce documents or other information to the Defendants pursuant to this Protective Order for the purposes of keeping them apprised of the Underlying Claims, and such documents or other information shall be subject to the terms and protections hereof as if they had been produced in response to formal discovery requests.

3. A document (including a pleading) containing "Confidential Information" will be subject to this protective Order when it is designated as confidential using the following procedure.

(a) The Producing Party shall review the document and make a good faith determination that the document contains Confidential Information.

(b) Each page of the document containing Confidential Information (and only those pages) shall be marked with the legend "Confidential" or "Confidential - Subject to Protective Order."

(c) A Producing Party may designate all or part of a document as Confidential Information only if the document is produced by the Producing Party or by a third party, i.e., a Producing Party may not designate all or part of a document as Confidential Information if the

document is produced by another Party and the document is in the possession, custody, or control of such other Party through means other than those stated in this protective Order.

(d)     If a document is not designated "Confidential" or "Confidential - Subject to Protective Order," but the Producing Party later determines that the document or a part of the document should be so designated, a late designation may be made by reproducing the document with the pages containing Confidential Information marked with the legend "Confidential" or "Confidential - Subject to Protective Order" and requesting the return or destruction of the documents that were earlier produced without the proper designation. Upon such request, the Non-Producing Party shall promptly return or destroy the documents as requested by the Producing Party if it is practicable to do so, and all reasonable expenses of such destruction or return so incurred shall be paid by the Producing Party. No Party or third party shall have any liability due to disclosure of the information that occurred prior to such late designation.

4.      A transcript containing Confidential Information may be designated as such using the following procedure:

(a) any party may provisionally designate a transcript or any part thereof as confidential by so stating on the record. That designation shall be permanent, except as otherwise provided herein. To the extent possible, the designated pages of the transcript shall be marked "Confidential" or "Confidential - Subject to Protective Order."

(b) If a party later determines that additional portions of the transcript should be designated as containing Confidential Information, that party may so designate by communicating the pages Confidential Information to all parties. No Party or third party shall have any liability due to disclosure of the information that occurred prior to such late designation.

5. Properly designated, Confidential Information, including documents and transcripts so designated, may be given, shown, disclosed, made available, or communicated only to:

(a) Counsel of record in this Action, including paralegals and staff members employed by such counsel;

(b) the parties to this Action to the extent that the person to whom disclosure is made (i) has a legitimate, good faith reason to be shown the Confidential Information, or (ii) is an attorney employed by a party to this case, or is a paralegal or a staff member working for such attorney;

(c) the Court, including Court personnel, and members of the jury;

(d) a court reporter at a deposition where Confidential Information is disclosed,

(e) any person that the parties stipulate in writing may be given Confidential Information;

(f) any person who authored or was an identified original recipient of the Confidential Information;

(g) any expert retained by a Party, whether the expert is a consulting or testifying expert, including persons engaged to assist the expert, so long as the expert agrees in writing to be bound by this Order;

(h) a witness at a deposition or at trial in this Action who shall be provided with a copy of this Order;

(i) a Party's insurer, reinsurer, retrocessionaire, auditor, regulator, or other entity or person to whom any party or its counsel may be legally obligated to make such disclosure; and

(j) other persons or entities to whom disclosure or production is required by the law.

6. Prior to receiving any Confidential Information, each person or entity identified in Paragraph 5 (e) and/or (g), above, shall be provided with a copy of this Order and shall

execute a Non-Disclosure Agreement in the Form of Attachment A hereto ("NDA"). It shall be the responsibility of counsel to obtain such NDA and store it for safekeeping before providing Confidential Information to such person. In the event of a dispute concerning the alleged disclosure of Confidential Information, a party may be required to provide such NDAs to the Court for in camera review but shall not be required to produce a copy to the other Party(ies) or disclose the identity of persons who have signed the NDA(s) if to do so would disclose (a) work-product, (b) information protected by the attorney-client privilege, or (c) the identity of the Non-Producing Party's or Parties' non-testifying expert consultants.

7. Except as provided in paragraph 5 above, Confidential Information shall not be disclosed to any person or entity without specific prior authorization by the Court or by the Producing Party. Within a reasonable time following the conclusion of this Action, all Confidential Information other than pleadings (e.g. briefs, affidavits, motions, memoranda of law, exhibit lists, and all other documents filed or lodged with or submitted to the Court), attorney work product, and expert reports, shall be destroyed by or at the direction of counsel for the Non-Producing Party who received the Confidential Information. The conclusion of this litigation shall mean the last date on which the Action and all related insurance coverage disputes have been voluntary dismissed by all parties or the date at which there exists a final order or judgment not subject to further appellate review.

8. Confidential Information shall be not used for any purpose by any person or Party receiving it other than for the litigation of this Action. In the event that any document or transcript designated as containing Confidential Information is to be filed or lodged with, or submitted to, the Court, either standing alone or as an attachment or exhibit to a pleading or other document, it shall be filed under seal, and the caption of any pleading containing such Confidential Information shall so state.

9. In the event that any Party determines that any Confidential Information in its possession, custody or control that is subject to protection from disclosure under the attorney-client privilege, attorney work product doctrine, or any other privileges or doctrines of similar effect ("Privileged Information"), is nonetheless appropriate for disclosure to one or more Parties in this action, by virtue of the fact that Bostik has tendered claims to defendants under one or more insurance policies ("Policies") issued by defendants and/or defendants' affiliates, such disclosure shall not constitute a waiver of any privilege or other protection associated with such Privileged Information. Any Privileged Information so disclosed shall be designated, in addition to or in lieu of any other designation made pursuant to this agreement, as "Attorney-Client Privileged," "Attorney Work Product," or similar designation(s) and shall be subject to the following procedures:

(a) A party's determination that certain Confidential Information constitutes "Privileged Information" or its designation of information or documents as "Attorney-Client Privileged," "Attorney Work Product" or similar designation(s) does not create a judicial presumption that the information or documents are privileged or protected. The party asserting that a privilege or protection applies retains the burden of proof in that regard. A Non-Producing Party retains the right to seek a judicial determination that the privilege or protection asserted does not apply.

(b) Unless and until a judicial determination is made that certain Confidential Information is not privileged or protected, then any Privileged Information so disclosed may be shown only to the individuals or entities identified in sub-paragraphs 5(a) - (j) of this Order and such disclosure shall be made strictly in accordance with paragraph 6 of this Order.

(c) Notwithstanding anything herein to the contrary, under no circumstances shall such Privileged Information be disclosed to actual or potential plaintiffs or claimants or their

counsel, or to co-defendants or their counsel, who are actually or potentially adverse to Bostik with regard to the Underlying Claims.

(d) In order to protect against inadvertent disclosure of Privileged Information to unauthorized persons or entities (including plaintiffs, claimants and co-defendants involved in the Underlying Claims), a Non-Producing Party that intends to disclose Privileged Information to the persons or entities identified in sub-paragraphs 5(c), (d), (e), (f), (h) and/or (j), must notify the Producing Party of such intent in writing at least ten (10) calendar days in advance of the date of intended disclosure. Within five (5) calendar days of the giving of such notice, counsel for the parties shall confer in order to determine whether additional, mutually agreeable measures should be implemented to protect against inadvertent disclosure of Privileged Information to unauthorized persons or entities. Such measures should be tailored to the specific disclosure that is contemplated, and might include, for example, tendering an agreed motion asking the Court to hold those limited portions of pre-trial and trial proceedings where Privileged Information is likely to be disclosed in chambers rather than in an open courtroom. If the parties are unable to agree upon such measures, then the Producing Party may seek a further protective order by filing and serving a motion at least one (1) business day prior to the intended date of disclosure. Upon receipt of such motion, the Non-Producing Party shall not disclose any Privileged Information that is the subject of the motion unless and until the Court specifically permits such disclosure.

10. Notwithstanding anything herein to the contrary, no defendant shall disclose any Privileged Information to any plaintiff, claimant or co-defendant of Bostik's in the Underlying Claims.

11. No defendant shall disclose any Privileged Information to any person with principal, day-to-day responsibility for handling claims against other insureds of a defendant in or related to the Underlying Claims ("Other Insureds"). This requirement applies to non-

supervisory personnel such as claims adjusters, claims handlers, claims analysts, claims consultants and claims specialists, but shall not interfere with the ability of defendants' supervisory personnel, managers, officers, directors and attorneys from performing their ordinary job functions provided they do not disclose Privileged Information to Other Insureds. In addition, all files (including both paper and electronic files) containing Privileged Information shall be segregated from any files maintained by a defendant for the management of claims against Other Insureds. Each defendant shall implement reasonable measures to comply with the requirements of this Paragraph.

12. If any person or Party having possession, custody or control of any Confidential Information receives a subpoena or other process or order that would require the disclosure or production of designated Confidential Information of any Producing Party, he or she will promptly:

(a) notify in writing the attorneys of record for the Producing Party;

(b) furnish those attorneys with a copy of the subpoena or other process or order, and

(c) provide reasonable cooperation with respect to a procedure to protect the Confidential Information. If the Party asserting confidentiality makes a motion to quash or modify the subpoena, process or order, there will be no disclosure of any Confidential Information in response to the process or order until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or Party receiving the subpoena or other process or order will be entitled to comply with it, if the person or Party has fulfilled its obligations under this paragraph.

13. If a Non-Producing Party objects to the designation of material as "Confidential" or as "Confidential - Subject to Protective Order," such Non-Producing Party may file an appropriate motion with the Court after conferring with the Producing Party in a good faith

attempt to eliminate the need for the motion. At a hearing on such a motion, the burden to establish that the information is confidential shall be on the Producing Party.

14. The Court retains jurisdiction to make amendments, modifications, and/or deletions to this Order as the Court from time to time may consider appropriate. The provisions of this Order regarding the use or disclosure of Confidential Information will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

15. The Parties, either individually or by stipulation, may seek modifications of this Order by appropriate requests to the Court.

16. This Order, upon entry as such by the Court, shall bind the Parties an their agents, officers, directors, employees, and representatives, consistent with the requirements of due process of law.

IT IS SO ORDERED, this 30th day of October, 2007

BY THE COURT:

By:   s/ C. N. CLEVERT, JR.
Honorable Charles N. Clevert, Jr.
United States District Court Judge

AGREED AS TO FORM AND CONTENT:


LIEBMANN, CONWAY, OLEJNICZAK & JERRY, S.C. Attorneys for Plaintiff
Bostik, Inc.




Attorneys for Defendants, CNA Financial Corporation, American Casualty Company of
Reading, Pennsylvania, Continental Casualty Company, and Transportation Insurance Company


By:_____
Michael R. Fitzpatrick State Bar No.

AGREED AS TO FORM AND CONTENT:


LIEBMANN, CONWAY, OLEJNICZAK & JERRY, S.C. Attorneys for Plaintiff
Bostik, Inc.


By:_____
     Tony A. Kordus
     State Bar No. 1031591


BRENNAN, STEIL & BASTING, S.C.
Attorneys for Defendants, CNA Financial Corporation, American Casualty Company of
Reading, Pennsylvania, Continental Casualty Company, and Transportation Insurance Company



HINSHAW & CULBERTSON, LLP
Attorneys for Defendants, Fireman's Fund Insurance Company and American Insurance
Company
By:_____
Thomas R. Schrimpf
State Bar No.

Attachment A
NONDISCLOSURE AGREEMENT

I,_____ , do solemnly swear that I am fully familiar with the terms of the Stipulated Confidentiality Agreement and Protective Order in Bostik, Inc. v. CNA Financial Corporation, et al., pending in the state of Wisconsin, and hereby agree to comply with and be bound by the terms and conditions of said Order unless or until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this Order.

Dated: